# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

No. 26-2705

---

**MAYDAY HEALTH** and **NANCY TURBAK BERRY**,

*Plaintiffs-Appellees,*

v.

**GOVERNOR LARRY RHODEN,** in his official capacity and
**ATTORNEY GENERAL MARTY JACKLEY,** in his official capacity,

*Defendants-Appellants.*

---

## REPONSE TO APPELLEES' MOTION FOR EXTENSION

---

Appellants Larry R. Rhoden, Governor for the State of South Dakota and Marty J. Jackley, Attorney General for the State of South Dakota, by and through their counsel, file this response to appellees' motion for a one-month extension to file their appellees' brief. Because appellees have improperly enjoined a state criminal statute, which they are violating during the pendency of these proceedings, appellants ask that the motion be denied.

1. Appellees' counsel briefed all the issues in this case in the district court below. Unidentified "developments" in appellees' counsel's other cases, or taking on new clients, is not a reason to deny the state appellants prompt adjudication of this matter. Appellees' counsel is obligated to manage his docket so that he can meet his obligations to the court and parties in this case. An extension

in a matter of the significance of this case requires greater specificity in the alleged conflicts which necessitate it. All lawyers are busy and simply being busy is not alone sufficient reason to delay the disposition of this case.

2. This appeal presents no new questions of law. These questions were all briefed and litigated in the district court proceedings. Appellees do not explain why they are unable to adapt their prior arguments to briefing in this case, just as appellants have done, in a timely fashion. Appellees do not require an additional 30 days to "prepare a complete and thorough response" to issues that have already been thoroughly briefed.

3. Appellees seek an extension only for the purpose of extending the period of time that they can continue to violate state law. An injunction of a state statute requires a showing of extraordinary circumstances. And since an extension of time in which to file their brief is, in effect, an extension of the injunction, appellees should be required to show extraordinary circumstances for the extension. Appellees have failed to make such a showing.

4. Appellees complain that they "should be allowed a fair opportunity to obtain *amicus* support." Nothing prevented appellees from cultivating *amicus* support in this case prior to the deadline for their appellees' brief. Appellees were not "required" to wait for the appearance of *amici* on behalf of appellants to cultivate "potential *amici* who would want to submit a brief on behalf of"

appellees. *Amicus* briefing is incidental and supplemental to briefing by the parties. This court requires appellant *amici* to file their brief only 5 days after an appellant's brief so that cases are not delayed by the filing of an *amicus* brief. Appellees' procrastination in cultivating *amicus* briefing on their behalf prior to the eve of the due date of their brief is not an extraordinary circumstance warranting delay in the disposition of this case.

5. Per this court's rules, 30 days is considered sufficient for appellees to prepare and file a brief. Appellees still have another week's time in which to finalize and timely file their brief. Appellees do not state that it is impossible or impractical to meet this deadline. Given that the issues are identical to those briefed in the district court below, appellees' response is not the "substantial undertaking" they claim. And given that the state is enjoined from enforcing a duly enacted statute for as long as these proceedings are pending, only extraordinary circumstances should permit an extension of time to file appellees' brief.

6. The appellees' requested extension of time presents a hardship for appellants' counsel. Appellants' counsel must respond to a petition for a writ of *certiorari* in a capital case before the United States Supreme Court on December 16, 2026. See *Piper v. Jackley,* 26A281. Appellants' counsel intended to prepare his prepare his reply brief in this case starting on November 9, 2026, and

complete it as soon as possible so that he could then devote his time to responding to the *certiorari* petition. If granted the requested extension, appellants' reply brief deadline in this case would start to run during the final week of briefing in the *Piper* matter, causing appellants' to either lose a week of briefing time or have to seek an extension themselves for their reply, which is unacceptable under the circumstances of an injunction on a state statute.

7. Appellees have not made a sufficiently strong showing for an extension. They have not even alleged that they cannot meet the deadline, only that more time would be convenient. Having made no showing of extenuating and extraordinary circumstances that prevent appellees from timely filing their brief, the appellees' motion for an extension of time should be denied.

Dated this 2nd day of November 2026.

Respectfully submitted,

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**

*Paul S. Swedlund*

Paul S. Swedlund
SOLICITOR GENERAL
1302 E. Highway 1889, Suite 1
Pierre, SD 57501-8501
Telephone: 605-773-3215
E-Mail: atgservice@state.sd.us

## CERTIFICATE OF COMPLIANCE

The State of South Dakota, by and through its counsel, Paul S. Swedlund, hereby certifies that this document complies with the type/volume limits of Fed.R.App.P. 32(a)(7)(b) and Fed.R.App.P. 27(d)(2)(A). It contains 759 words and complies with the typeface and type style requirements of Fed.R.App.P. 32(a)(5)/(a)(6). It has been printed in a proportionally spaced typeface in 14-point Times New Roman font and scanned for viruses using Symantic Endpoint Protection.

*Paul S. Swedlund*
Paul S. Swedlund
Solicitor General

## CERTIFICATE OF SERVICE

The State of South Dakota, by and through its counsel, Paul S. Swedlund, hereby certifies that the foregoing appellants' response to motion to extend time to respond to appellants' motion to stay preliminary injunction was served on appellees' counsel via CM/ECF by electronic filing of the foregoing brief with the clerk of this court this 2nd day of November 2026.

*Paul S. Swedlund*
Paul S. Swedlund
Solicitor General