UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

No. 26-2705

---

Mayday Health; Nancy Turbak Berry

Plaintiffs-Appellees

v.

Governor Larry Rhoden, in his official capacity; Attorney General Marty Jackley, in his official capacity

Defendants-Appellants

---

Appeal from the United States District Court
for the District of South Dakota, Southern Division,
Hon. Camela C. Theeler, U.S. District Judge

---

**Reply Brief in Support of Motion to Extend Time**

The premise of the State's resistance is that "appellees have improperly enjoined a state criminal statute." The district court, not appellees, preliminarily enjoined a statute as applied to plaintiffs' speech. This Court denied the State's motion to stay, suggesting that the State's position has significantly less merit than the State asserts it has.

The State argues that because there are no new legal issues in this appeal, Mayday and Turbak ("Mayday") should be able to use their prior briefs to produce their brief in this Court. But writing a brief for this Court is different from briefing issues in the district court. An appellate brief must address the transcript and the standard of review, and typically requires substantial additional research. Under the State's theory, an extension would almost never be justified, because the same issues were raised below.

The State says that enjoining a state statute "requires a showing of extraordinary circumstances." This is incorrect. The standard for a preliminary injunction is "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc).

Further, "[w]hen a plaintiff has shown a likely violation of his or her First Amendment rights," as in this case, "the other requirements for

obtaining a preliminary injunction are generally deemed to have been satisfied." *Minnesota Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864, 870 (8th Cir. 2012) (en banc), quoting *Phelps-Roper v. Troutman*, 662 F.3d 485, 488 (8th Cir. 2011).

The State's assertion that the extension would cause it hardship does not stand up to scrutiny. The State—unlike Mayday—has a whole squadron of lawyers who prepare briefs on its behalf in this case and others. Three attorneys signed the State's brief in this case. In addition, the State can prepare its response to the *certiorari* petition in *Piper v. Jackley* now instead of waiting until the last minute.

The State's claim that "Appellees seek an extension only for the purpose of extending the period of time that they can continue to violate state law" lacks any factual basis. Mayday's attorney has been a member of this bar of this Court since August 15, 1980. He has handled dozens of appeals in this Court. He requested an extension in this case because he genuinely needs it in order to do justice to his obligations to his clients and this Court.

Dated: November 3, 2026 Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
Attorney for Plaintiffs-Appellees

Certificate of Compliance

Pursuant to F.R.A.P. 27(d)(2)(A) and 32(g)(1), I certify that this document contains 442 words. It has been scanned for viruses and is virus-free.

/s/ James D. Leach
James D. Leach

Certificate of Service

I certify that on November 3, 2026, I filed this document electronically, thereby causing automatic electronic service to be made on all parties.

/s/ James D. Leach
James D. Leach